# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**DEBORAH SMITH AND MICHAEL SMITH**                    **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:08CV245-HTW-LRA**

**JOHNSON & JOHNSON and**
**ETHICON, INC.**                                      **DEFENDANTS**

_____

## ORDER

THIS CAUSE came before the Court for hearing on January 14, 2010, on the following motions:

1. Defendants' Motion to Strike Plaintiffs' Purported Designation of Expert Witnesses [#58] filed October 20, 2009;

2. Plaintiffs' Motion to Extend Time to Serve Expert Reports or, in the Alternative, to Deem Expert Reports Served as Timely Submitted *Nunc Pro Tunc* [#77], filed November 20, 2009;

3. Defendants' Motion to Stay 30(b)(6) Depositions of Ethicon's Corporate Representatives Pending Resolution of Plaintiffs' Motions to Compel and for Other Relief [#83] filed November 24, 2009.

Other motions were heard and considered by the Court at the January 14th hearing; Orders regarding those motions have previously been entered. *See* docket entries 125, 126, 127, and 128. Also before the Court are the following motions filed after the date of the hearing:

1. Plaintiffs' Motion for Extension of Discovery [#122], filed February 1, 2010;

2. Defendant Ethicon, Inc.'s Motion to Strike "Plaintiffs' First Request for Admissions" and for Sanctions [#124], filed February 8, 2010; and,

3. Plaintiffs' Motion to Strike Defendants' Various Repetitive Motions Pursuant to F.R.C.P., Rule 12(g)(2) [#130], filed February 12, 2010.

At issue in this case is Plaintiffs' failure to timely designate their experts. A lengthy hearing on this issue was conducted by the undersigned Magistrate Judge, and a review of the argument provided will not be set forth in depth herein. A time-line graph was presented to the Court by Defendants which outlines the actions taken in this case by both parties. The undersigned adopts this graph as an accurate portrayal of the discovery trail. The Court finds that Plaintiffs failed to timely designate their experts; there is no issue as to this point.

Plaintiffs' failure to participate in the discovery process within the Court's scheduling deadlines may largely be attributed to the fact that Plaintiffs' counsel changed several times. Defense counsel were lead to believe by one Plaintiffs' attorney that an Agreed Protective Order would be entered prior to their discovery responses being delivered. The agreement failed to be carried through when new counsel appeared. However, the undersigned concludes that there was no good cause or explanation for failing to complete the expert designations before the scheduling date. The Court rejects Plaintiffs' assertion that Defendants' failure to provide discovery in any way prevented them from timely designating their own experts. Defendants' delay in providing discovery was due to Plaintiffs' various attorneys' inconsistent positions regarding the proposed Agreed Protective Order and other matters. Plaintiffs' counsel

at the hearing, Mr. Phillip Berwish, apparently was not counsel of record in the case at the time the designations were due, September 11, 2009, and he offered no reason for the delay.

The Court has reviewed the pertinent case law as cited by both parties in their memoranda. In this circuit, whether or not experts are stricken due to a party's failure to properly and timely designate experts is governed by the following four factors:

1. The explanation for the failure to identify the witness;

2. The importance of the testimony;

3. The potential prejudice in allowing the testimony; and,

4. The availability of a continuance to cure such prejudice.

**Betzel v. State Farm Lloyds,** 480 F.2d 704, 707 (5th Cir. 2007) citing **Geiserman v. MacDonald**, 893 F.2d 787, 790 (5th Cir. 1990); see also **Bradley v. United States**, 866 F.2d 120, 125 (5th Cir. 1989); **Buxton v. Lil' Drug Store Products, Inc.**, 2007 WL 2254492 (S.D. Miss. 2007) (applying **Geiserman** factors); **Seymour v. Consolidated Freightways**, 187 F.R.D. 541 (S.D. Miss. 1999) (applying the **Bradley** factors and finding that designation made 3 days late would be allowed).

Rule 26(a)(2) requires that experts be disclosed, and Rule 37(c)(1) provides that the failure to do so results in the party not being allowed to use that information or witness "unless the failure was substantially justified or is harmless." This Court's Local Rule 26(a)(2)(D) provides that discovery regarding experts shall be completed within the discovery period and that a late designation and/or discovery of expert witnesses will be allowed **only** upon a "showing of good cause."

Rule 6(b) of the Federal Rules of Civil Procedure provides that where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the result of "excusable neglect." See Fed.R.Civ.P. 6(b)(1)(B); **Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship**, 507 U.S. 380, 391 (1993).

The undersigned has considered the four factors employed by the Fifth Circuit in **Geiserman** and subsequent cases; the factors are nearly identical to those used by the Supreme Court in the **Pioneer** case. An analysis of the first factor weighs in favor of Defendants. Plaintiffs give no justifiable reason for failing to comply with this Court's deadline. The undersigned warned the parties on August 18, 2009, that no further extensions would be allowed. The case was nearly two years old at that point; Plaintiffs should have secured their experts as well as the reports by that date. Plaintiffs could have requested another extension; they failed to do so. Defendants waited over a month after the deadline to file the motion to strike; Plaintiffs waited yet another month to request late designations. Plaintiffs charge that defense counsel should have conferred prior to filing a motion to strike. The rules do not require same. Striking an expert is not a typical "discovery motion," and no good faith conferral is required. Defendants' failure to completely respond to Plaintiffs' discovery request is also no justification. Defendants cannot be faulted for the changeover of Plaintiffs' attorneys; Plaintiffs must bear any risks when their attorneys change.

Notwithstanding the lack of justification, the Court finds that the "importance of the testimony," does weigh heavily in favor of late designation. Plaintiffs' entire case will fall if they are unable to offer expert testimony. This is a medical products liability

action, and expert testimony is required before the case can go forward. The case will not be decided by a jury on its merits if no expert is allowed to testify.

As to whether Defendants will be prejudiced, the Court finds that prejudice will result in that unnecessary expenses have been incurred by Defendants. Further, they have been forced to hire and designate their own experts without benefit of having Plaintiffs' full Rule 26 reports. A summary judgment motion has already been filed and briefed. The disruption of the court's schedule and the opponent's preparation may constitute sufficient prejudice in favor of excluding the expert testimony. **Williams v. Gonzales**, 2005 WL 3447885 (E.D. Tex. Dec. 14, 2005). The undersigned finds that Defendants **will** be prejudiced by a late designation, and this factor also weighs against allowing the testimony.

Finally, the Court has considered whether or not the prejudice to Defendants may be mitigated by a continuance of the trial and an award of costs to be paid by Plaintiffs. Judge Wingate has indicated that he will be willing to again continue the trial of this case, and new deadlines may be set that would allow Defendants to complete any expert discovery that is necessary. The Court is reluctant to allow the "importance of the testimony" to be the primary consideration. Further, the Fifth Circuit has stated that "the importance of proposed [expert] testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" **Hamburger v. State Farm Mut. Auto Ins. Co.,** 361 F.3d 875, 883 (5th Cir. 2004) (citing **Geiserman,** 893 F.2d at 792). But a continuance and cost award should mitigate the prejudice to Defendants, and the interests of justice prefer that cases be decided on their merits.

The Court concludes that the **Betzel** case is controlling. In that case, the district court refused to allow a late designation because no explanation was given for why the designation was late, as is the case here. The **Betzel** Court reversed the district court. It held that although the first factor favored not allowing the late designation, the remaining three factors strongly favored the late designation. **Betzel**, 480 F.2d at 707. The undersigned finds that the prejudice that these Defendants have incurred can legitimately be cured with a continuance and a cost award. As the **Betzel** Court stated, it has "repeatedly emphasized that a continuance is the preferred means for dealing with a party's attempt to designate a witness out of time." Id. at 708, citing **Campbell v. Keystone Aerial Surveys, Inc.**, 138 F.3d 996, 1001 (5th Cir. 1998).

Adherence to scheduling is a critical factor "in maintaining the integrity of judicial proceedings." **1488, Inc. v. Philsec Investment Corp.**, 939 F.2d 1281, 1289 (5th Cir. 1991). All counsel will be required to meet the new deadlines to be established herein. Plaintiffs' Motion for Extension of Discovery [#122], filed February 1, 2010, shall be granted to a limited extent, and Defendants' expert deadline shall be extended. New deadlines and a trial date will be set by separate Order.

IT IS, THEREFORE, ORDERED:

1. Defendants' Motion to Strike Plaintiffs' Purported Designation of Expert Witnesses [#58] filed October 20, 2009, is **DENIED**;

2. Plaintiffs' Motion to Extend Time to Serve Expert Reports or, in the Alternative, to Deem Expert Reports Served as Timely Submitted *Nunc Pro Tunc* [#77], filed November 20, 2009, is **GRANTED**, subject to an award of costs against Plaintiffs in favor of Defendants;

3. Defendants are directed to prepare and submit to the Undersigned an Affidavit of Costs Incurred in preparing pleadings and arguing all motions relating to Plaintiffs' failure to timely designate their experts. Same should be submitted on or before March 30, 2010. Plaintiffs may respond to the Affidavit on or before April 12, 2010.

4. Plaintiffs' Motion for Extension of Discovery [#122], filed February 1, 2010, is **GRANTED**, in part, and a status conference will be conducted by the undersigned to determine the new scheduling and trial dates and any remaining discovery issues.

5. A ruling on the remaining motions referenced herein will be by separate Order.

SO ORDERED, this the 16th day of March, 2010.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE